Per Curiam.

It is undisputed that defendant was personally served with a written notice barring him from Aqueduct Race Track. His subsequent entry upon the premises of the track, without permission, albeit after the purchase of an admission ticket, constituted a criminal trespass in the third degree within the purview of section 140.05 of the Penal Law (changed to fourth degree [L. 1969, ch. 341, eft. Sept. 1,1969]).
The law in this State is settled that the operator of a race track can exclude a person from attending its races “ as long as the exclusion is not founded on race, creed, color or national origin” (Madden v. Queens County Jockey Club, 296 N. Y. 249, 253, cert. den. 332 U. S. 761; also, see, Gottlieb v. Sullivan Cownty Harness Racing Assn. 25 A D 2d 798). Moreover, the rules and regulations of the New York State Racing Commission specifically provide as follows: “ [Undesirable persons to be ejected. ] No person who is known or reputed to be a bookmaker or a vagrant within the meaning of the statutes of the State of New York, or a fugitive from justice, or whose conduct at a race track in New York or elsewhere, is or has been improper, obnoxious, unbecoming or detrimental to the best interest of racing, shall enter or remain upon the premises of any licensed association conducting a race meeting under the jurisdiction of the commission; and all such persons shall upon discovery or recognition he forthwith ejected.” (19 NYCRR 4.46.)
*586 Under the circumstances here, defendant’s surreptitious entry accomplished by the purchase of an admission ticket did not create a license in his favor which would operate as a defense to the instant prosecution for criminal trespass.
The judgment of conviction should be affirmed.
Concur — Groat, P. J., Schwartz wald and Hargett, JJ.
Judgment of conviction affirmed.